**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEI LIU, | No. 11-71182 |
| Petitioner, | Agency No. A088-131-645 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2014
Pasadena, California

Before: NOONAN, WARDLAW and FISHER, Circuit Judges.

Mei Liu, a native and citizen of China, seeks review of the Board of

Immigration Appeals' order affirming an immigration judge's denial of her claims

for asylum, withholding of removal and protection under the Convention Against

Torture. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and

remand for further proceedings.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Where, as here, the BIA reviewed the IJ's adverse credibility determination for clear error, we "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion" but review only those portions of the IJ's credibility finding that the BIA identified as most significant. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (internal quotation marks omitted). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014).

The BIA cited four bases for affirming the IJ's adverse credibility finding: (1) Liu's failure to raise her mother's arrest and detention until her testimony before the IJ; (2) Liu's failure to mention home visits from the police until her testimony; (3) Liu's failure to describe physical harm she suffered until her second declaration; and (4) an inconsistency between Liu's written application and oral testimony as to the dates she attended school in China. Substantial evidence does not support the adverse credibility determination on these grounds. *See Lai v. Holder*, --- F.3d ---- (9th Cir. 2014) (holding that substantial evidence did not support an adverse credibility finding where initially omitted information surfaced during government cross-examination and the applicant's explanation for an omission was plausible and consistent with other application materials).

2

First, Liu revealed for the first time during her April 2009 testimony that her mother had been detained since the middle of August 2007. But this information came to light as a result of specific questions from the IJ about Liu's mother; Liu "did not volunteer this information as part of [her] direct testimony," or as "a scripted, last-minute attempt to enhance [her] persecution claim." *Lai*, --- F.3d at ----. In addition, Liu adequately explained that she omitted this information from her declarations because, in her words, "I believe I just write down about myself."

Second, Liu mentioned for the first time during her testimony that the police came to her home a dozen times to harass her. Again, Liu revealed this information in response to specific questions from the IJ, not as part of a scripted addition to her claim. Liu logically explained that she did not include this information in her declarations because she did not know she needed to do so, given that she was not home at the time of the visits and she heard about them from her mother.

Third, Liu described the physical harm she suffered only in her second declaration and in her testimony, not in her original written statement. However, "'the mere omission of details is insufficient to uphold an adverse credibility finding.'" *Singh v. Gonzales*, 403 F.3d 1081, 1085 (9th Cir. 2005) (alteration omitted) (quoting *Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000)). Liu

3

explained consistently, if not eloquently, throughout her testimony that her second declaration served as a supplement to her first, so she could add details that were left out of the first.

Fourth, Liu indicated in her application that she attended school in China only until July 2006, but also wrote in her statements that she was forced to undergo "ideological education" at school beginning in September 2006. Liu, however, adequately explained the reason for this apparent inconsistency, telling the IJ that her school had a three-year program and a five-year program, and that she noted her attendance dates through her completion of the three-year program, but not for the five-year program that she did not complete. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) ("[I]n evaluating inconsistencies, the relevant circumstances that an IJ should consider include the petitioner's explanation for a perceived inconsistency, and other record evidence that sheds light on whether there is in fact an inconsistency at all." (citation omitted)).

Because the grounds cited by the BIA for the adverse credibility determination fail, Liu's testimony must be taken as true for the purposes of reevaluation of her claims on remand. *See Tekle*, 533 F.3d at 1055.

**PETITION FOR REVIEW GRANTED; REMANDED.**

4